**United States Bankruptcy Court**
**Northern District of Indiana**
**South Bend Division**

In re   **JOANNE HIBNER**                                                    Case No. **12-31353**
　　　　Debtor(s)

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Chapter **13**


**CHAPTER 13 PLAN**

1 - <u>Payments to the Trustee</u>: The future earnings or other future income of the Debtor is submitted to the supervision and control of the Trustee.  Debtor shall pay to the Trustee the sum of **$1,000.00/month** for **SIXTY** (60) months.  The full monthly plan payment will commence not later than thirty (30) days from the date the plan.

2 - <u>Plan Length</u>: This plan is estimated to be up to **SIXTY (60)** months.

3 - Allowed claims against the Debtor shall be paid in accordance with the provision of the Bankruptcy Code and this Plan.
　　　　a - Secured creditors shall retain their mortgage, lien, or security interest in collateral until the Debtor has been discharged.
　　　　b - Creditors who have co-signers, co-makers, or guarantors ("co-obligators") from whom they are enjoined from collection under 11 U.S.C. § 1301, and which are separately classified and shall file their claims, including all of the contractual interest which is due or will become due during the consummation of the Plan, and payment of the amount specified in the proof of claim to the creditor shall constitute full payment of the debt as to the Debtor and any co-obligor.
　　　　c - All priority creditors under 11 U.S.C. § 507 shall be paid in full in deferred cash payments.

4 - From the payments received under the plan, the Trustee shall make disbursements as follows:
　　　　a - Administrative Expenses
　　　　　　　　(1) - Trustee's Fee: **AMOUNT TO BE DETERMINED BY THE TRUSTEE'S OFFICE**
　　　　　　　　(2) - Attorney's Fee (unpaid portion): **$1,500.00**
　　　　　　　　(3) - Filing Fee (unpaid portion): **NONE**

　　　　b - Priority Claims under 11 U.S.C. § 507
　　　　　　　　(1) Domestic Support Obligations
　　　　　　　　　　　　(a) Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

　　　　　　　　　　　　(b) The name(s) and address(es) of the holder of any domestic support obligation are as follows.  *See*, 11 U.S.C. § § 101(14A) and 1302(b)(6).
　　　　　　　　　　　　**-NONE-**

　　　　　　　　　　　　(c) Anticipated Domestic Support Obligation Arrearage Claims.  Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2).  These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.
　　　　　　　　　　　　<u>Creditor (Name and address)</u>　　　<u>Estimated arrearage</u>　　　<u>Projected monthly payment</u>
　　　　　　　　　　　　-**NONE**-

　　　　　　　　　　　　(d) Pursuant to § § 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.
　　　　　　　　　　　　　　　Claimant and proposed treatment:   -**NONE**-

1

(2) Other Priority Claims

| Name | Amount of Claim | Monthly Payment | Interest Rate |
|---|---|---|---|
| N/A | | | |

c - Secured Claims

(1) Pre-confirmation Adequate Protection Payments. Pre-confirmation adequate payments to the following secured Creditors holding allowed claims shall be paid by the Trustee through the plan as provided below. Adequate protection payments shall not accrue or be paid until the Creditor files a proof of claim. The principal amount of the Creditor's claim shall be reduced by the amount of the adequate protection payments remitted.

| Name | Description of Collateral | Pre-confirmation Monthly Payment |
|---|---|---|
| **Wells Fargo Home Mortgage** | **residence located at 16135 Chandler Blvd, Mishawaka, IN** | **To be determined by trustee; approximately $600.00/month** |
| **Santander** | **2007 Ford Escape** | **To be determined by trustee; approximately $130.00/month** |

(2) Secured Debts Which Will Not Extend Beyond the Length of the Plan

   (a) Secured Claims Subject to Valuation Under § 506. The Debtor moves the Court to value collateral as follows according to 11 U.S.C. § 506(a). Each of the following secured claims, if allowed, shall be paid through the plan in equal monthly payments set forth below, until the secured value or the amount of the claim, whichever is less, has been paid in full. Any remaining portion of the allowed claim shall be treated as a general unsecured claim. Any claim with a secured value of $0 shall be treated as a general unsecured claim.

| Name | Proposed Amount of Allowed Secured Claim | Monthly Payment | Interest Rate |
|---|---|---|---|
| | | | |

   (b) Secured Claims Not Subject to Valuation Under § 506. Each of the following claims, if allowed, shall be paid through the plan in equal monthly payments set forth below, until the amount of the claim as set forth in the Creditor's proof of claim has been paid in full.

| Name | Proposed Amount of Allowed Secured Claim | Monthly Payment | Interest Rate |
|---|---|---|---|
| **2007 Ford Escape**<br><br>**Santander** | **$7,000.00** | **Pro forma; approximately $130.00/month** | **5%** |

(3) - Secured Debts Which Will Extend Beyond the Length of the Plan

| Name/Description | Amount of Claim | Monthly Payment | Interest Rate |
|---|---|---|---|
| **residence** | **$190,000.00** | **Approx $600.00** | **5.0%** |

d - Unsecured Claims

(1) - Special Nonpriority Unsecured: Debts which are co-signed or are non-dischargeable shall be paid 100 %.

| Name | Amount of Claim | Interest Rate (if specified) |
|---|---|---|
| **-NONE-** | | |

(2) - General Nonpriority Unsecured: Other unsecured debts shall be paid *pro rata* with no interest if the creditor has no Co-Obligors, provided that where the amount or balance of any unsecured claim is less than $10.00 it may be paid in full.

| Name | Amount of Claim | Interest Rate (if specified) |
|---|---|---|

5 - The Debtor proposes to cure defaults to the following creditors by means of monthly payments by the Trustee:

| Creditor/Description of Collateral | Amount of Default to be Cured | Payment | Interest Rate |
|---|---|---|---|
| **Wells Fargo Home Mortgage**<br><br>**residence located at 16135 Chandler Blvd, Mishawaka, Indiana** | $12,000.00 | Approx $200.00/mo | 0% |

6 - The Debtor shall make regular payments directly to the following creditors:

| Name/Description of Collateral | Amount of Claim | Monthly Payment | Interest Rate (if specified) |
|---|---|---|---|
| **-NONE-** | | | |

7 - The employer on whom the Court will be requested to order payment withheld from earnings is:
    **-NONE-**

8 - The following executory contracts of the debtor are rejected:

| Other Party | Description of Contract or Lease |
|---|---|
| **-NONE-** | |

9 - Property to be surrendered to secured creditor in full satisfaction of debt.

| Name/Description of Collateral | Amount of Claim | Creditor |
|---|---|---|
| **N/A** | | |

10 - The following liens shall be avoided pursuant to 11 U.S.C. § 522(f), or other applicable sections of the Bankruptcy Code, on Debtor's real property:

11 - As used herein, the term "Debtor" shall include both debtors in a joint case.

12 - Debtor's federal and state income tax returns shall be promptly submitted to the Trustee after Debtor's filing of the same.  **Debtor shall keep the entire amount of her tax refund, if any.**

13 - Other Provisions: **Debtor will maintain all insurance required by law and contract upon property of the estate and debtor's property.**

3

15. Property will remain vested in the estate until discharge or dismissal.

DATE:  **May 2, 2012**

**/s/ Mark P. Telloyan**
Attorney for Debtor(s)
**Mark P. Telloyan**
**O'Brien & Telloyan, PC**
**P.O. Box 449**
**South Bend, IN 46624-0449**
**Tel: (574) 287-7690**
**Fax: (574) 287-7691**
**<marktelloyan@juno.com>**